## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LISA JACKSON-CRAWFORD,**

      **Plaintiff,**                **Case No.:**

**v.**

**SCHOOL BOARD OF**
**SEMINOLE COUNTY, FLORIDA,**

      **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LISA JACKSON-CRAWFORD, by and through her undersigned counsel and sues the Defendant, SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, and states as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2.     Venue lies within the United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.     Plaintiff, LISA JACKSON-CRAWFORD, is a resident of Orange County, Florida.

4.     Defendant, SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, is a legal entity created by the Florida Constitution to provide a system of public education within Seminole County, Florida.   At all times material, Defendant employed Plaintiff.   At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and 42 U.S.C. §1981.

5.     At all times material, Plaintiff was an employee of Defendant within the meaning of the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

6.     At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.     Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10.     On June 1, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11.     On January 13, 2021, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination.  This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charges.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a Black/African American female.

14.     In or around October 2010, Plaintiff began her career with Defendant as an Exceptional Student Education (ESE) Support Facilitator.  Plaintiff is certified in ESE and holds a Master's in Education.

15.     In August 2016, Plaintiff began working at Lake Brantley High School, where she remained until her termination from employment.

16.     During her employment with Defendant, Plaintiff consistently performed well, was rated as "Highly Effective," and had her annual contract renewed every year until her termination.

17.     For the 2018-2019 school year, Plaintiff was the Department Chair for the ESE Department.

18.     Plaintiff was not a "co-teacher" and never co-taught during her time at Lake Brantley.

19.     Brian Blasewitz became the new Principal at Lake Brantley for the 2019-2020 school year.

20.     On August 6, 2019, Plaintiff met with Blasewitz and requested a schedule change due to sciatica issues and injuries Plaintiff sustained as a result of a workplace injury.

21.     On October 17, 2019, Plaintiff's supervisor, Jeralee McIntyre (Assistant Principal) aggressively approached Plaintiff and spoke to Plaintiff in an unprofessional and disrespectful tone.    Plaintiff informed Blasewitz of the situation and further informed him that she intended to make a complaint to Human Resources.

22.     That day, Plaintiff sent an email to her supervisors and Human Resources regarding workplace harassment and discrimination by McIntyer.

23.     In response, Boyd Karns, Jr. (Executive Director of Human Resources and Professional Standards) informed Plaintiff that Carianne Reggio (Human Resources Coordinator/District Equity Administrator) would follow up with Plaintiff.

24.     On October 18, 2019, Reggio emailed Plaintiff and requested that Plaintiff provide her with additional details of the harassment and discrimination. Reggio further noted told Plaintiff that "legally, the burden is yours at this point to show that you've been subjected to illegal discrimination and harassment."

25.     On October 23, 2019, Plaintiff emailed Reggio with additional details regarding the harassment and discrimination by McIntyre.   Specifically, Plaintiff told Reggio that McIntyre regularly observed her work without entering the observation into iObservation.[1]  Moreover, Plaintiff described the encounter with McIntyre on October 17, 2019 where McIntyre aggressively approached Plaintiff and talked to her in an unprofessional and disrespectful tone.

26.     On October 25, 2019, Reggio informed Plaintiff that she completed her investigation and was "unable to substantiate discrimination and/or harassment on the part of Jeralee McIntyre."

---

[1] iObservation is an instructional and leadership improvement platform used to collect and manage data from classroom walkthroughs, teacher evaluations and teacher observations with the goal of teacher improvement through feedback.

27.     In Reggio's Investigative Report, she indicates that she only interviewed McIntyre, another Assistant Principal (Colleen Windt) and Brian Blasewitz (Principal).   Reggio did not interview any Black and/or African American teachers or Support Facilitators despite McIntyre having past complaints about her treatment of minority employees.

28.     The Investigative Report spends a significant amount of time criticizing Plaintiff's job performance despite Plaintiff having no prior disciplinary actions regarding the areas criticized.   In fact, these alleged performance issues arose for the first time in the Investigative Report.

29.     On October 28, 2019, Plaintiff emailed Reggio and outlined her disappointment in the investigation and its lack of attention to detail.   Plaintiff told Reggio that the workplace became more hostile and requested that the matter be forwarded to Defendant's senior human resources management.

30.     On January 7, 2020, Plaintiff filed her first Charge of Discrimination with the EEOC on behalf of herself and a class of Black/African American employees.   Plaintiff asserted that McIntyre treated Black and/or African American employees less favorably than Caucasian employees in terms of supervision and assignments.   Moreover, Plaintiff stated that Defendant failed to interview employees who could have provided relevant information regarding her complaint of discrimination and harassment in October 2019.

31.     During the early Spring of 2020, Defendant began making decisions regarding contract renewal of its annual contract employees.

32.     On May 27, 2020, Blasewitz informed Plaintiff that her contract would not be renewed for the 2020-2021.

33.     On June 9, 2020, Defendant posted Plaintiff's job on its career search hotline.  Plaintiff applied the next day but did not receive a response.

34.     Based on information and belief, Plaintiff was replaced by a white male.

35.     Based on information and belief, a Black/African American co-worker of Plaintiff also filed a race-based Charge of Discrimination with the EEOC.

## COUNT I
## TITLE VII – RETALIATION

36.     Plaintiff, LISA JACKSON-CRAWFORD, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

37.     Plaintiff engaged in protected activity by opposing an employment practices made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").  Specifically, Plaintiff opposed racial harassment and discrimination by making good-faith complaints to Defendant. Plaintiff also engaged in protected activity by participating in the EEO process by filing a Charge of Discrimination with the EEOC.

38.     In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when she was terminated/had her contract non-renewed.

39.     Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her opposition and resistance of racial harassment and discrimination, as well as her participation in the EEO process.

40.     The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

41.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

42.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

     a.     Back pay and benefits;

     b.     Prejudgment interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

     e.     Punitive damages;

f.      Attorneys' fees and costs;

g.      Injunctive relief; and

h.      For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT — RETALIATION

43.     Plaintiff, LISA JACKSON-CRAWFORD, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

44.     Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").   Specifically, Plaintiff opposed racial harassment and discrimination by making good-faith complaints to Defendant. Plaintiff also engaged in protected activity by participating in the EEO process by filing a Charge of Discrimination with the EEOC.

45.     In retaliation for engaging in protected activity, Plaintiff suffered adverse employment action when she was terminated/had her contract non-renewed by Defendant.

46.     Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her opposition and resistance of racial harassment and discrimination, as well as her participation in the EEO process.

47.     The aforementioned actions by Defendant constitute retaliation by Defendant in violation of the Florida Civil Rights Act.

48.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

49.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

       a.      Back pay and benefits;

       b.      Prejudgment interest on back pay and benefits;

       c.      Front pay and benefits;

       d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

       e.      Punitive damages;

       f.      Attorneys' fees and costs;

       g.      Injunctive relief; and

       h.      For any other relief this Court deems just and equitable.

## COUNT III
## 42 U.S.C. §1981 – RETALIATION

50.     Plaintiff, LISA JACKSON-CRAWFORD, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

51.     Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981.  Specifically, Plaintiff made good-faith, reasonable complaints of discrimination (both internally and through the EEOC) based on her race and was terminated/had her contract non-renewed by Defendant.

52.     The aforementioned actions by Defendant constitute retaliation by Defendants in violation of 42 U.S.C. §1981.

53.     Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

54.     Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

55.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.     Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.      Punitive damages;

f.      Attorneys' fees and costs;

g.      Injunctive relief; and

h.      For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

56.      Plaintiff, LISA JACKSON-CRAWFORD, demands a trial by jury on all issues so triable.

**DATED** this 12th day of April 2021.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*